# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:18-cv-02560-JLS (SK) | Date | December 19, 2018 |
|---|---|---|---|
| Title | Gabriel Cuevas Cardoza v. James Robertson | | |

Present: The Honorable   Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:**     (IN CHAMBERS) **ORDER TO SHOW CAUSE**

On December 6, 2018, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2014 convictions for murder and attempted murder. (Pet., ECF 1 at 2). Petitioner relies on the same factual conduct—that the video of his full clinical interview, as opposed to some lesser portion, was played for the jury—as the basis for three legal theories—trial court error, prosecutorial misconduct, and ineffective assistance of counsel. But Petitioner admits that at least one of those theories has not been exhausted in the California Supreme Court. And even if it were fully exhausted, the Petition is facially untimely.

Federal courts may not grant habeas relief unless the petitioner has exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). To satisfy exhaustion, Petitioner must "fairly present" his claims in a complete round of direct appeals or state habeas proceedings up to and including the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To fairly present a federal claim, it must "describe[] the operative facts and legal theory upon which his claim is based." *Duncan v. Henry*, 513 U.S. 364, 370 (1995) (per curiam). If a federal habeas petition contains both exhausted and unexhausted claims, it is a "mixed" petition that cannot proceed unless either the petition is amended to strike the unexhausted claims, *see Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014), or a stay of the action is obtained by satisfying the rigorous requirements of *Rhines v. Weber*, 544 U.S. 269 (2005).

Here, the Petition is unclear about the specific grounds for post-conviction relief Petitioner has sought. For example, Petitioner states he failed to exhaust his prosecutorial misconduct claim (Pet. at 7), but it appears that claim may have been raised in a habeas petition to the California Supreme Court that was filed on December 3, 2018 and is pending as of the date of this order. (Pet. at 12). On the other hand, Petitioner admits that he has not raised his claim for ineffective assistance of counsel to the California Supreme Court, whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-02560-JLS (SK) | Date | December 19, 2018 |
|---|---|---|---|
| Title | Gabriel Cuevas Cardoza v. James Robertson | | |

by direct appeal or habeas petition, and no available evidence indicates otherwise.[1] (Pet. at 7, 11-15). Either way, the Petition is "mixed" and thus subject to summary dismissal. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

To be timely, the Petition must be filed within one year from the date on which the conviction became final unless tolling applies. *See* 28 U.S.C. § 2244 (d)(1)(A). Petitioner's conviction became final on February 21, 2017, when the United States Supreme Court denied certiorari. (Pet. at 5). *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). Thus, Petitioner had until February 21, 2018 to file a timely Petition. Statutory tolling applies during only the pendency of a "properly filed" state habeas petition. 28 U.S.C. § 2244(d)(2). But Petitioner provides no evidence that he filed a state habeas petition before February 21, 2018. Nor does the Petition lay any foundation for equitable tolling. Thus, it is facially untimely.

THEREFORE, Petitioner is **ORDERED TO SHOW CAUSE** on or before **January 25, 2019** why this action should not be dismissed as mixed and untimely. It remains Petitioner's burden to establish exhaustion and timeliness on any ground on which the Court may be unaware. *See Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012); *Rollins v. Sup. Ct of Los Angeles*, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010). Importantly, even if Petitioner elects to strike any unexhausted claims, he must still demonstrate that the remaining exhausted claims are timely.

**If Petitioner does not file a timely response to this Order to Show Cause, the Court may also recommend involuntary dismissal of the Petition for failure to prosecute or obey court orders. See Fed. R. Civ. P 41(b); L.R. 41-1.**

**If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a) by filing a "Voluntary Notice of Dismissal."** The Clerk is directed to provide Petitioner with a Notice of Voluntary Dismissal Form CV009.

---

[1] The Court takes judicial notice of the public records of Petitioner's direct appeals, state habeas petitions, federal habeas petitions, and federal appeals. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002).