# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL CUEVAS CARDOZA,<br><br>    Petitioner,<br> v.<br>JAMES ROBERTSON,<br><br>    Respondent. | CASE No. 5:18-cv-02560-JLS (SK)<br><br>**ORDER DISMISSING PETITION; DENYING MOTION FOR STAY; AND DENYING CERTIFICATE OF APPEALABILITY** |

   Petitioner is a California state prisoner serving 75 years to life in prison for murder and attempted murder. In December 2018, more than a year after his convictions had become final, Petitioner filed his federal habeas petition here with at least two unexhausted claims. (ECF 1). He was thus ordered to show cause why the Petition should not be dismissed for untimeliness or incomplete exhaustion. (ECF 6). Petitioner now argues that the exhausted claims in the Petition are timely with statutory and equitable tolling. (ECF 11). And based on that premise, he moves for a stay of this action under *Rhines v. Weber*, 544 U.S. 269 (2005), or *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), so that he can return to state court and raise his admittedly unexhausted federal claims. (ECF 7).

To be timely, federal habeas claims must be filed within one year of the state conviction becoming final. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner's convictions became final in February 2017 when the U.S. Supreme Court denied his certiorari petition in *Cardoza v. California*, 137 S. Ct. 1087 (2017), so he had until February 2018 to file his federal petition on time. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). But since he did not file it until 10 months later in December 2018, the Petition is time-barred unless statutory or equitable tolling applies.

Statutory tolling applies only during the pendency of a "properly filed application for State post-conviction" relief. 28 U.S.C. § 2244(d)(2). Here, Petitioner's first state habeas petition was filed (and denied) in April 2016—before his conviction was even final. (*See* Cal. S. Ct. S232902).[1] So Petitioner gained no statutory tolling from that petition. *See Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008). His second state habeas petition was not filed until December 2018, around the same time that he filed his federal petition here. (*See* Cal. S. Ct. S252871). But by that time, the one-year limitations period had lapsed. State petitions filed *after* the expiration of the limitations period have no tolling effect. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). And the time between the denial of Petitioner's first state petition and the filing of his second cannot be tolled because those petitions were filed too far apart—more than two years—to count as a single round of state habeas proceedings. *See Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003).

Equitable tolling cannot save the Petition either. Such tolling is available only when petitioners show that they have been pursuing their rights diligently, but some extraordinary circumstance stood in their way to

---

[1] The Court takes judicial notice of the public records of Petitioner's state habeas petitions. *See Triqueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

prevent timely filing. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner cannot establish due diligence because he has no explanation for the 21 months of inaction between February 2017, when his certiorari petition was denied, and December 2018. (ECF 7 at 4). Nor has Petitioner described any extraordinary circumstance that might have prevented timely filing. (ECF 11 at 1-2).

For these reasons, the Petition must be dismissed as untimely. And because the Petition is time-barred, the Court has no basis to grant a stay of the action. *See Rhines* U.S. at 275 (2005) (*Rhines* stay available only for timely petitions); *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009) (*Kelly* stay cannot apply to untimely petitions).

THEREFORE, IT IS ORDERED that the Petition be DISMISSED as untimely and that the motion for a stay be DENIED as moot. Judgment dismissing this action with prejudice will be entered accordingly.

IT IS FURTHER ORDERED that a Certificate of Appealability be DENIED because Petitioner has not made a substantial showing of the denial of a constitutional right and that jurists of reason would find it debatable whether the Court is correct in its procedural ruling. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003).

**IT IS SO ORDERED.**

DATED: March 29, 2019

JOSEPHINE L. STATON
U.S. DISTRICT JUDGE


PRESENTED BY:

STEVE KIM
U.S. MAGISTRATE JUDGE